IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| GINGER L. EDWARDS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 4:23-cv-00942-O-BP |
| | § | |
| JUDGE MARK T. PITTMAN, | § | |
| | § | |
| Defendant. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Before the Court is the Complaint filed by Plaintiff Ginger L. Edwards ("Edwards") on September 13, 2023. The case was referred to the undersigned pursuant to Special Order 3 that same day. ECF No. 3. Plaintiff proceeds *pro se* and *in forma pauperis*. *See* ECF Nos. 1, 2. After reviewing the pleadings and applicable legal authorities, the undersigned **RECOMMENDS** that United States District Judge Reed O'Connor **DISMISS** this case **with PREJUDICE** pursuant to 28 U.S.C. § 1915(e)(2) because it is frivolous.

**I.   FACTUAL BACKGROUND**

Edwards's Complaint consists of statements that the defendant did not perform his job in a timely manner concerning Civil Action No. 4:23-CV-908-O-BP and that this "left [Edwards] wide open to be murdered." ECF No. 1 at 1-2. The Complaint also refers to one certain other person as a pedophile and another person as a CIA agent who was an assassin, who took Edwards's dogs and caused her to be homeless. *Id*. Edwards's prayer is "In God We Trust and a monetary value of 12,000,000.00 Twelve Million Dollars." *Id* at 2. Although her allegations are incomplete and incoherent, it appears that Edwards complains that United States District Judge Mark T. Pittman did not properly perform his official duties. *See generally* ECF No. 1.

## II.   LEGAL STANDARD

### A.   *Pro Se* Standard

Courts are to liberally construe the pleadings of a *pro se* party, taking all well-pleaded allegations as true. *Johnson v. Atkins*, 999 F.2d 99, 100 (5th Cir. 1993). "[A] *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). But "even a liberally-construed *pro se* . . . complaint must set forth facts giving rise to a claim on which relief may be granted." *Levitt v. Univ. of Texas at El Paso*, 847 F.2d 221, 224 (5th Cir. 1988) (citing *Bounds v. Smith*, 430 U.S. 817, 825 (1977)). Thus, a court inquires "whether within the universe of theoretically provable facts there exists a set which can support a cause of action under [the] complaint, indulgently read." *Covington v. Cole*, 528 F.2d 1365, 1370 (5th Cir. 1976).

### B.   Section 1915 Screening Standard

Title 28, United States Code, section 1915(e)(2) provides:

[T]he court shall dismiss the case at any time if the court determines that—

   (A) the allegation of poverty is untrue; or

   (B) the action or appeal—

      (i) *is frivolous* or malicious;

      (ii) fails to state a claim on which relief may be granted; or

      (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2) (emphasis added). "Thus, the very statute allowing plaintiff to proceed as a pauper also requires the Court to screen a pauper's complaint and dismiss it without service of process at any time [if] the Court . . . determines [the complaint is] frivolous[] . . . ." *Heredia v.*

*Keller*, No. 2:01–CV–0362, 2001 WL 1335909, at *1 (N.D. Tex. Oct. 26, 2001). "[C]onsidering the distinct features of such *in forma pauperis* proceedings, . . . dismissals as frivolous or malicious should be deemed to be dismissals with prejudice unless the district court specifically dismisses without prejudice." *Marts v. Hines*, 117 F.3d 1504, 1506 (5th Cir. 1997). "When the trial court dismisses without prejudice it is expected that the court will assign reasons so that . . . appellate review of the trial court's exercise of discretion may be performed properly." *Id.* "Unexplained dismissals without prejudice will necessitate a remand." *Id.*

Under 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss claims filed by a party proceeding *in forma pauperis* who seeks redress from government entities or employees prior to service if the Court determines that the claims are frivolous, malicious, or fail to state a claim upon which relief may be granted. Pursuant to this provision, the Court may review a complaint and dismiss *sua sponte* those claims premised on meritless legal theories and those that clearly lack any basis in fact. *See Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A finding of factual frivolousness is appropriate when the claims describe "fantastic or delusional scenarios," or "rise to the level of the irrational or the wholly incredible." *Denton*, 504 U.S. at 32. Plaintiff's allegations fall within this doctrine. *See Graves v. Hampton*, 1 F.3d 315, 318-19 (5th Cir. 1993).

### III.   ANALYSIS

Liberally construed, Edwards's Complaint states frivolous allegations that are barely understandable and have no basis in law. *See generally* ECF No. 1. Because she proceeds *in forma pauperis* in this case, the Court has screened her Complaint. The undersigned concludes that her claims are delusional, nonsensical, fail to state a cause of action, and are frivolous under 28 U.S.C. § 1915(e)(2).

The United States Supreme Court has found that judges acting in the performance of their judicial duties are entitled to absolute immunity. *See Nixon v. Fitzgerald*, 457 U.S. 731, 745-46 (1982). This absolute immunity applies to suits for damages resulting from any judicial act. *Mireles v. Waco*, 502 U.S. 9, 11-12 (1991). Thus, absolute judicial immunity bars Edwards's claims against Judge Pittman arising from actions that he took or declined to take in the course of his judicial duties.

## IV. CONCLUSION

For the reasons stated above, the undersigned **RECOMMENDS** that United States District Judge Reed O'Connor **DISMISS** this case **with PREJUDICE** pursuant to 28 U.S.C. § 1915(e)(2) because it is frivolous.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within fourteen days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). To be specific, an objection must identify the particular finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).

Signed on September 14, 2023.

                                                                                        _____
Hal R. Ray, Jr.
UNITED STATES MAGISTRATE JUDGE